UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | |
| v. | Case No. 07-cr-30068-JPG |
| LOWELL THOMAS LAKIN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Lowell Thomas Lakin's ("Lakin") motion for a bill of particulars (Doc. 30). The plaintiff United States of America has responded to the motion (Doc. 47), and Lakin has replied to that response (Doc. 60).

Lakin has been indicted on an eight-count superseding indictment charging him with using and maintaining a residence for the purpose of using and distributing cocaine (counts 1 and 2), distributing cocaine to Jane Doe 1, who was under 21 years old (count 3), distributing cocaine to Jane Doe 2 and Jane Doe 3 (count 4), distributing cocaine to Jane Doe 4, who was under 21 years old (count 5), distributing cocaine to John Doe 1 (count 6), and causing the transportation of John Doe 2, who was under 16 years old, across state lines with the intent to engage in criminal sexual activities (count 7). The indictment also seeks forfeiture of certain property used to facilitate the crimes charged (count 8).

As a preliminary matter, the Court notes that the pending motion addresses the charges in the original indictment, which was superseded on July 18, 2007. However, because counts 1 through 5 did not change in the superseding indictment and a new count 6 is similar in form to count 4, the Court will consider the pending motion to be addressed to the superseding indictment as well, including the new count 6.

In the pending motion, pursuant to Federal Rule of Criminal Procedure 7(f), Lakin asks the Court to force the government to file a bill of particulars identifying, with respect to counts 1 and 2, the specific dates the residences were allegedly used to distribute cocaine and, with respect to counts 3 through 6, the identity of the Jane and John Does, the specific dates of the alleged cocaine distributions and the locations of those distributions. Lakin asserts that this information cannot be assessed from the over 6700 pages of discovery provided by the government to date.

The government has responded that, with respect to counts 1 and 2, the offenses – the use and maintenance of residences – were not discrete occurrences but were instead continuing offenses that spanned the entire time periods charged in the superseding indictment and that involved the weekly or monthly receipt or use of cocaine.

The government has responded that counts 3 through 6 are alleged to have occurred at the residence charged in counts 1 and 2 – 287 Oakley Place, East Alton, Illinois. The government argues that the months alleged in the indictment – a single month alleged with respect to each of counts 3 through 6 – is sufficiently specific. The government has also represented that it will disclose to Lakin on or before September 10, 2007, the names of the individuals alleged to have received cocaine from Lakin in all counts of the indictment.

The Court finds that the superseding indictment, as supplemented by the information contained in the government's response, is sufficient and that a bill of particulars is not required. A bill of particulars is required if the government's indictment does not "sufficiently apprize[] the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a

citation to the statute or statutes violated is sufficient to pass this test." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

In the Court's opinion, the superseding indictment in this case, along with the information contained in the government's response and its promise to disclose certain other information on or before September 10, 2007, is adequate to apprize the defendant of the charges against him to enable him to prepare for trial.  Although the specific dates of the charged offenses have not been identified, when taken together, the identification of the month and the location and the promised revelation of the identity of the individuals who allegedly received cocaine from Lakin are sufficient to apprize Lakin of the charges against him.  Accordingly, the Court **DENIES** the motion for a bill of particulars (Doc. 30).  The Court does, however, strongly encourage the government to voluntarily provide Lakin with more specific dates for counts 3 through 6 expeditiously to avoid any unnecessary delays that may be required if that information is not disclosed until the trial.

Pursuant to 18 U.S.C. § 3161(h)(1)(F), the Court finds that the time from the filing of this motion, July 6, 2007, up to and including today is **EXCLUDABLE** under the Speedy Trial Act.

**IT IS SO ORDERED.**
**DATED:  August 28, 2007**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**