IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:07-CR-30068-JPG-1 |
| | ) | |
| LOWELL THOMAS LAKIN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Lowell Thomas Lakin's motion for disclosure of written or recorded statements of the defendant (Doc. 32). He seeks not only statements *by him* that have been written or recorded but statements *of others* that recount statements by him. The government has responded to the motion (Doc. 36) stating that it will provide government witness statements to Lakin in advance of trial, that it will abide by the disclosure requirements under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150, 155 (1972), and that it has disclosed and will continue to disclose documents written by Lakin or recordings where Lakin is the speaker. It argues that it is not required to produce the remainder of the information Lakin seeks in the pending motion.

Federal Rule of Civil Procedure 16(a)(1) governs the government's disclosure obligation to a defendant. The relevant portion of Rule 16(a)(1)(B) is as follows:

> **(B) Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
> (i) any relevant written or recorded statement by the defendant if:
> • the statement is within the government's possession, custody, or control; and
> • the attorney for the government knows--or through due diligence could know-- that the statement exists. . . .

Rule 16(a)(2) further provides:

> **(2) Information Not Subject to Disclosure.**  Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Rule 16(a)(2) refers to the Jencks Act, 18 U.S.C. § 3500, which provides in pertinent part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

Lakin argues that his statements heard by third parties and then written or recorded by those third parties, say, for example, in written interview statements to law enforcement officers, fall under Rule 16(a)(1)(B)(i) and must be disclosed to him.  In support of his argument, Lakin cites *United States v. Scafe*, 822 F.2d 928 (10th Cir. 1987), and *United States v. Caldwell*, 543 F.2d 1333 (D.C. Cir. 1974).  *Scafe* is distinguishable because it involved a defendant's statements in letters he wrote to his father and a fellow inmate, not third-party statements about what the defendant said.  *Scafe*, 822 F.2d at 934-35.  In that case, one of the issues was whether the statements were subject to disclosure under Rule 16(a)(1) because they were not made to government investigators.  *Id.* at 936.  The Court of Appeals confirmed that the relevant part of Rule 16 applies regardless of whether the statements were made to government agents.  *Id.* *Scafe* did not involve a third-party's written or recorded statements about what the defendant orally said.  *Caldwell* involved similar types of statements written by the defendant.  *Caldwell*,

543 F.2d at 1352-53.  Because of this distinguishing feature, the holdings in *Scafe* and *Caldwell* have no bearing on this case where Lakin seeks disclosure not of his own written or recorded statements to third-parties but of the written or recorded statements of third-parties regarding what Lakin said.

Lakin also cited *United States v. Gallo*, 654 F. Supp. 463 (E.D.N.Y. 1987), which was repudiated in *In re United States*, 834 F.2d 283 (2d Cir. 1987), a mandamus proceeding.  *Gallo* is therefore of no value to deciding the pending motion.[1]

The law in the Seventh Circuit is clear that a government witness's written or recorded statement that recounts a defendant's prior oral statement is not a defendant's written or recorded statement under Rule 16(a)(1).  It is instead a statement of a prospective government witness under the Jencks Act subject to mandatory disclosure only after the witness has testified.  *United States v. Callahan*, 534 F.2d 763, 764 (7th Cir. 1976);  *United States v. Feinberg*, 502 F.2d 1180 (7th Cir. 1974).

In *Feinberg*, the district court had ordered the government to disclose the substance of oral statements by the defendant to prospective government witnesses pursuant to Rule 16.  *Feinberg*, 502 F.2d at 1181.  The Court of Appeals examined the interaction between Rule 16's requirement that a defendant's statements be disclosed and the Jencks Act's prohibition on disclosure of government witness statements.  *Id.* at 1181-82.  The Court of Appeals stated, "While we sympathize with broadened discovery in criminal cases, the [Jencks Act] proscribes

---

[1] The Court is extremely disturbed that Lakin would rest a substantial portion of his memorandum in support of his motion on a case that was no longer good law without revealing that fact to the Court.  The Court expects more from the attorneys in this case and will not hesitate to sanction counsel for any such delinquencies in the future.

3

pretrial discovery of statements of government witnesses, including those parts which relate conversations of the defendant." *Id.* at 1182.  The Court concluded that such statements are not producible until after the government witness testifies.  *Id.*  The Court identified a guiding principle:

> A defendant's statement is discoverable when it or an account thereof is 'written or recorded' . . . promptly after the statement is made. Where a written record is contemplated when the statement is made and an account of the statement is eventually written down, the writing should be discoverable even if there was some delay.  But where the statement is originally memorialized only in the recollection of a witness, then it is not discoverable even if that witness' recollection is eventually written or recorded.

*Id.* at 1182-83.

Similarly, in *Callaghan*, the district court judge had ordered the government to disclose portions of grand jury witnesses' testimony that recounted admissions of guilt by the defendant. *Callahan*, 534 F.2d at 764.  The government refused, the district court dismissed the indictment, and an appeal ensued.  *Id.* at 764-65.  The Court of Appeals examined the following question:

> Are the oral statements of prospective Government witnesses incorporating oral statements of a defendant, in the nature of confessions, admissions or acknowledgments of guilt, made to the witness and which were first memorialized only in the recollections of, then recalled by the witness, and transcribed: (a) discoverable prior to trial as "statements of the defendant" pursuant to Rule 16, or (b) precluded from pretrial discovery under § 3500 as "statement of the witness"?

*Id.* at 765.  Relying on *Feinberg*, the Court of Appeals came to the "inescapable conclusion . . . that the delineated portions of the transcribed Grand Jury testimony are 'statements' of 'witnesses' within the reading of § 3500 and not 'statements of defendants' within the purview of Rule 16."  *Id.*  Accordingly, it held that the Jencks Act prohibited the forced disclosure of the subject statements pursuant to Rule 16.  *Id.* at 766.

Lakin argues that *Feinberg* and *Callaghan* do not survive the 1975 amendments to Rule 16. This argument has no merit. Those cases held that the Jencks Act trumped Rule 16, and no change to Rule 16 could change that holding. Furthermore, subsequent cases like *United States v. Fearn*, 589 F.2d 1316, 1320 (7th Cir. 1978), and *United States v. Zarattini*, 552 F.2d 753, 757 (7th Cir. 1977), demonstrate that the principles of *Feinberg* and *Callaghan* survive the 1975 amendments to Rule 16. Furthermore, the current version of Rule 16 clarifies that oral statements of a defendant, which is what the statements heard by the third-party witnesses truly are, must only be disclosed if the statements were made in an interrogation by known government agent and if the government intends to use them at trial. Fed. R. Crim. P. 16(a)(1)(A) & (B)(ii).

Because Lakin's discovery motion requests either material that the government has already produced and will continue to produce, or material beyond the scope of Rule 16 and prohibited by the Jencks Act, the Court **DENIES** the motion (Doc. 32).

Pursuant to 18 U.S.C. § 3161(h)(1)(F), the Court finds that the time from the filing of this motion, July 6, 2007, up to and including today is **EXCLUDABLE** under the Speedy Trial Act.

**SO ORDERED.**
**Dated:  August 28, 2007.**

s/ J. Phil Gilbert
**J. Phil Gilbert, District Judge**
