IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:07-CR-30068-JPG-1 |
| | ) | |
| LOWELL THOMAS LAKIN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Lowell Thomas Lakin's Amended

Motion for Discovery and Inspection (Doc. 37), which adopts several of the discovery requests

made in a prior motion (Doc. 10).  The government has responded to the original and amended

motion (Docs. 13 & 65).

**I.      Prospective Government Witness Names and Addresses**

The defendant seeks an order directing the government to disclose the names and

addresses of potential government witnesses.

"It is well-settled that the Constitution does not require pretrial disclosure of prosecution

witnesses. . . .  Nor does Fed. R. Crim. P. 16 . . . require such disclosure." *United States v.

Edwards*, 47 F.3d 841, 843 (7th Cir. 1995) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559

(1977)); *accord United States v. Cruz-Velasco*, 224 F.3d 654, 665 (7th Cir. 2000).  The district

court, however, may order such discovery "pursuant to its inherent power to assure the proper

and orderly administration of criminal justice." *Edwards*, 47 F.3d at 843 (internal quotations and

ellipsis omitted).

In this case the government has stated that it will reveal the names of certain key

witnesses in early September and a full list of witnesses on the eve of trial for use in jury

selection.  It has also agreed to produce witness statements either two or five days before trial[1], depending on the length of the statement, and to produce *Brady* and *Giglio* material at least ten days before trial.[2]  The Court finds that in light of these promised disclosures, further disclosure is not required to ensure the proper and orderly administration of justice in this case.  It will therefore deny Lakin's request for names and addresses of potential government witnesses.

## II.    Arrest and Conviction Records of Government Witnesses

The defendant seeks the arrest and conviction records of the witnesses the government intends to call at trial.  In response to Lakin's original discovery motion, the government responded that it would provide the requested arrest and conviction records shortly before trial, but in its response to Lakin's amended motion, the government has announced that it will only produce conviction, not arrest, records but that it will provide them thirty days before trial.[3]

The Court finds that the government's assurances are sufficient.  As for government witnesses' conviction records, the government has agreed to what Lakin seeks – disclosure thirty days before trial.  As for the arrest records, the government is not obligated to disclose arrest records unless something about those arrests requires disclosure under *Brady* or *Giglio* or unless the government plans to use them in its case-in-chief, Rule 16(b)(1)(A).  The Court notes that the government has promised to abide by the disclosure requirements of *Brady* and *Giglio* and trusts that it will likewise abide by Rule 16(b)(1)(A).  The Court will therefore deny Lakin's request

---

[1]By the Court's calculation under Federal Rule of Criminal Procedure 45, two days before the trial is January 8, 2008, and five days before the trial is January 3, 2008.

[2]By the Court's calculation under Federal Rule of Criminal Procedure 45, ten days before the trial is December 26, 2007.

[3]By the Court's calculation under Federal Rule of Criminal Procedure 45, thirty days before the trial is December 11, 2007.

for arrest and conviction records of government witnesses.

**III.     Written Statements of Non-Trial Witnesses**

The defendant seeks disclosure of written statements of potential witnesses the government does not plan to call at trial. The government has responded that it will produce all such statements that are discoverable under the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2. The Court further notes the government's assurances that it will comply with the disclosure requirement of *Brady* and *Giglio*.

While the Court has doubts about whether the statements of witnesses not being called at trial or any other hearing are subject to the Jencks Act or Rule 26.2, the Court is confident that the government will produce such witness statements ten days before trial if disclosure is required by *Brady* or *Giglio*. This is all Lakin is entitled to and the Court will require no more.

**IV.     Confidential Informant Identities**

The defendant also asks the Court to order the government to disclose the names and whereabouts of any informants in this case or in any other case that may have led to the investigation or prosecution of this case. Lakin argues that if the informant is an active participant in or a witness to the alleged crimes, the informant's identity is relevant and helpful to his case.

The government has responded that there is only one confidential informant that has direct knowledge of Lakin's alleged crimes and that the identity and statements of that informant will be disclosed when the government has promised to disclose Jencks Act material, that is, either two or five days before trial, depending on the length of the statement at issue. The government argues that since this confidential informant was not used to procure a search

warrant or to obtain drugs or information from Lakin himself, earlier disclosure for the purposes of seeking suppression of evidence is not required.  The government further states that the informant will be used at trial primarily to testify to Lakin's alleged drug activities prior to the initiation of the investigation of this case

The government states that there is another confidential informant who provided information for a search warrant but that the information the informant provided is unrelated to the charges in this case and that the government does not plan to use that information at trial.

As a preliminary matter, the Court notes the government's acknowledgment of its duties under *Brady* and *Giglio* to provide exculpatory or impeaching evidence and is confident that if such information relates to confidential informants, the government will disclose the information as it has promised ten days before trial.

As for other information about confidential informants, the "confidential informant privilege" protects from disclosure a confidential informant's identity.  *Roviaro v. United States,* 353 U.S. 53 (1957).  "The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege." *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994); *accord Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 372 (7th Cir. 1989).  "While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of an assumption that the privilege should apply." *Valles*, 41 F.3d at 358; *accord United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993).  "[T]he government may withhold the identity of a confidential informant in furtherance of the public interest in law enforcement unless the identity is relevant or helpful to the defense or essential to a fair

4

determination of cause." *United States v. Banks*, 405 F.3d 559, 564 (7th Cir. 2005); *United States v. Jefferson*, 252 F.3d 937, 941 (7th Cir. 2001). If the defendant asserts such a need, the Court must balance "the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial" to determine whether the government must disclose the identity of an informant. *United States v. Andrus,* 775 F.2d 825, 841 (7th Cir. 1985); *accord Roviaro*, 353 U.S. at 62; *Jefferson*, 252 F.3d at 940-41; *Valles*, 41 F.3d at 358. In assessing the balance, the Court should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62; *accord Valles*, 41 F.3d at 358.

As for the first confidential informant, the Court believes that disclosure of the informant's identity and statements two or five days before trial strikes the proper balance between ensuring the public's interest in obtaining information regarding drug and child sex crimes and Lakin's interest in obtaining a fair trial. The Court has factored into this balance the fact that the crimes charged in this case are serious, often involving violence and significant emotional and physical harm to minors, some of the most vulnerable people in our society. The involvement of minors, who are particularly subject to intimidation, counsels for the vigilant protection of witnesses who come forward to report such crimes. The Court has also considered that the government's first confidential informant is not needed for any pretrial suppression hearings. To the extent that the identity of the informant may be helpful to Lakin's defense, that need will be satisfied by pretrial disclosure either two or five days before trial. For these reasons, the Court will not order disclosure of the confidential informant's identity any earlier.

As for the second confidential informant, he or she appears to possess no information

5

related to the pending charges against Lakin and is unlikely therefore to be relevant or helpful to his defense.  The Court will not order the government to disclose information regarding this informant.

## V.      Rough Notes

The defendant asks the Court to compel the government to disclose whether its agents have kept rough notes.  The government has responded that such notes exist and that it has advised the agents to preserve them for use or production at trial, if warranted.  In light of this response, the defendant's request is moot.

## VI.     Rule 404(b) Material

The defendant seeks an order directing the government to give notice of its intention to use evidence of similar crimes, wrongs or acts pursuant to Federal Rule of Evidence 404(b).  Rule 404(b) provides that the prosecution in a criminal case shall provide reasonable notice in advance of trial of the general nature of any evidence of other crimes, wrongs or acts allegedly committed by the defendant that the government intends to introduce at trial.  The government has responded that it will provide the notice required by Rule 404(b) on or before December 1, 2007.  The Court finds that such disclosure is sufficient to satisfy Rule 404(b) and to allow the parties sufficient time to litigate the admissibility of that evidence.  There is no need for the requested court order in light of the government's promise.

## VII.    Conclusion

For the foregoing reasons, the Court **DENIES** Lakin's amended motion for discovery and inspection (Doc. 37).  Lakin's original motion for discovery (Doc. 10) is **DENIED as moot** in light of the amended motion.

6

Pursuant to 18 U.S.C. § 3161(h)(1)(F), the Court finds that the time from the filing of the

original motion for discovery (Doc. 10), April 25, 2007, up to and including today is

**EXCLUDABLE** under the Speedy Trial Act.

**SO ORDERED.**
**Dated:  August 29, 2007.**

                                        s/ J. Phil Gilbert
                                        **J. Phil Gilbert, District Judge**