UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LOWELL THOMAS LAKIN,

    Defendant.

Case No. 07-cr-30068-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Lowell Thomas Lakin's ("Lakin") motion to sever the trial of one count of the eight counts with which he is charged (Doc. 28).[1] The government has responded to the motion (Doc. 50), and Lakin has replied to that response (Doc. 61).

Lakin has been indicted in an eight-count superseding indictment charging him with using and maintaining a residence for the purpose of using and distributing cocaine (counts 1 and 2), distributing cocaine to Jane Doe 1, who was under 21 years old (count 3), distributing cocaine to Jane Doe 2 and Jane Doe 3 (count 4), distributing cocaine to Jane Doe 4, who was under 21 years old (count 5), distributing cocaine to John Doe 1 (count 6), and causing the transportation of John Doe 2, who was under 16 years old, across state lines with the intent to engage in criminal sexual activity (count 7). The indictment also seeks forfeiture of certain property used to facilitate the crimes charged (count 8).

Lakin argues that the joinder of count 7 with the other counts is improper under Federal

---

[1] Since Lakin filed the motion to sever, the grand jury has returned a superseding indictment inserting an additional count as count 6. The Court construes Lakin's severance motion to apply to the superseding indictment and to seek severance of count 7, which corresponds to count 6 of the original indictment.

Rules of Criminal Procedure 8 and 14. He asserts that count 7, an alleged violation of the Mann Act, 18 U.S.C. § 2423, involves a sex offense whereas the other counts are drug offenses and that because of their different natures, they should not be tried together. Indeed, there is no allegation in the indictment linking the Mann Act charge to the drug charges.

Federal Rule of Criminal Procedure 8(a) allows joinder of multiple offenses in a single trial.[2] Offenses are properly joined under Rule 8(a) if they (1) are of similar character, (2) are based on the same act or transaction or (3) are connected with or constitute parts of a common scheme or plan. Rule 8(a) "should be broadly construed in order to increase judicial efficiency and to avoid costly and duplicative trials." *United States v. Freland*, 141 F.3d 1223, 1226 (7th Cir. 1998). However, Federal Rule of Criminal Procedure 14(a) provides that a court may sever offenses if a defendant or the government is prejudiced by such a joinder.[3] Working together, Rules 8 and 14 "are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendant to a fair trial.'" *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982).

The government argues that all counts in this case are "connected with or constitute parts

---

[2]Rule 8(a) provides:

**Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

[3]Rule 14(a) provides:

**Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

of a common scheme or plan," Fed. R. Crim. P. 8(a), and thus fall within the third category of counts that can be joined for trial under Rule 8(a).  It asserts that the evidence will show Lakin's drug activities are inextricably intertwined with the charged sex crimes in that he distributed drugs to the Jane Does as alleged in counts 3 through 5 to induce them to have sex with the minor John Doe 2, a boy with whom he engaged in oral sex and who he transported across state lines in the hopes of illegal sexual activity, while he watched and masturbated.  As a consequence, the testimony of government witnesses will support both the drug and sex charges.  The government has submitted transcripts of videotaped witness interviews in support of its position that the counts are part of a common scheme or plan.

Lakin argues that whether offenses are properly joined under Rule 8(a) must be determined solely from the face of the indictment.  In the absence of any allegation setting forth a connection between the Mann Act charge and the drug charges, Lakin argues, Rule 8(a) prohibits count 7 from being joined with the other counts in this case.

The Court is compelled to agree with Lakin.  The vast majority of caselaw in this circuit supports the rule that whether offenses can be properly joined under Rule 8(a) is determined solely by what is said in the indictment, not the overlap of evidence that would be used to prove each charge at trial.  *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998);  *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995);  *United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994); *United States v. Terry*, 911 F.2d 272, 276 (7th Cir. 1990).  *But see United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007) (without citing the foregoing precedent, looking to government's theory of the case and evidence at trial to find joinder proper under Rule 8(a)).  In this case, there is simply no allegation on the face of the indictment showing that the Mann Act charge and the drug charges are connected to each other or constitute part of a

common scheme or plan.

The Court is well aware that this conclusion runs counter to the main purposes of the joinder rules: to serve judicial economy and to avoid costly and duplicative trials. *United States v. Freland*, 141 F.3d 1223, 1226 (7th Cir. 1998). The Court is also well aware that if all the charges were tried together in violation of Rule 8(a), the error would likely be harmless. Based on its review of the evidence submitted in connection with this motion, the Court believes that significant evidence to prove the drug charges would also be admissible in a trial of the Mann Act charge, and that evidence relating to the Mann Act charge would be admissible in a trial of the drug charges. But while harmless error may provide a rationale for affirming a case where claims are misjoined, *see Hubbard*, 61 F.3d at 1271-72, it should not justify a court's misapplication of the law in advance of trial.

For these reasons, the Court finds that joinder of count 7 with the remaining counts in this case is improper. As a consequence, unless the indictment is superseded with a new indictment containing allegations showing count 7 is connected with or constitutes part of a common scheme or plan with other counts in this case, the trial of count 7 must occur separately from the trial of the other counts. The motion to sever (Doc. 28) is therefore **GRANTED**. The Court will address the scheduling of the separate trials at the final pretrial conference, currently scheduled for December 14, 2007. Because the Court has found that joinder is improper under Rule 8(a), there is no need to address Lakin's arguments with respect to severance under Rule 14.

**IT IS SO ORDERED.**
**DATED: October 31, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**